846 F.2d 74
 25 Fed. R. Evid. Serv. 1016
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard T. DORMAN, a/k/a John Doe, a/k/a James Ted Roberts,
Defendant- Appellant.
 No. 87-5086.
 United States Court of Appeals, Fourth Circuit.
 Argued March 9, 1988.
Decided May 9, 1988.
 
 Allen Holt Gwyn, Jr., Julie Davis (Foster, Conner, Robson & Gumbiner, P.A. on brief) for appellant.
 Paul A. Weinman, Assistant United States Attorney (Robert H. Edmunds, Jr., United States Attorney, Becky M. Strickland, CLA, Paralegal Specialist on brief) for appellee.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Richard T. Dorman raises several issues in this appeal from his convictions of possession of 15 or more unauthorized access devices in violation of 18 U.S.C. Sec. 1029(a)(3) and 1029(c)(1); unlawful possession of five or more identification documents affecting commerce in violation of 18 U.S.C. Sec. 1028(a)(3) and 1028(b)(2)(B); and interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. Sec. 2312. Dorman received a prison term and was ordered to make restitution of $4,800. We find no merit in Dorman's challenges and affirm the judgment of the district court.
 
 
 2
 * On December 7, 1986, in Alamance County, North Carolina, deputy Steve Morrison spotted Dorman and a companion in a pickup truck bearing a Texas license tag. A radio check of the tag revealed that it had been reported stolen. Deputy Morrison followed the truck until it stopped at a service station. Morrison then asked Dorman and his companion for identification and ran a check on the truck's vehicle identification number. This check revealed that the truck had been reported stolen. Morrison searched the truck's interior and discovered a concealed .22 caliber pistol. Dorman and his companion were arrested and taken to the Alamance County Jail. An inventory search of the truck revealed numerous driver's licenses and identification cards from various states. These cards bore several different names but each save one bore Dorman's picture. The inventory search also revealed 13 credit cards issued in 9 different names.
 
 
 3
 Morrison took Dorman and his companion before Alamance County Magistrate Doris Moon. Morrison informed Moon of the circumstances of the arrest and the results of the inventory search, and Moon suggested that a detective be called in. Moon telephoned Detective Thomas R. Overman who proceeded with the investigation. During his investigation, Overman learned that Dorman was living with Lester Carroll. Overman visited Carroll who confirmed that Dorman was residing in Carroll's trailer. Carroll gave Overman permission to search the trailer as well as two vehicles--a blue Chevrolet van and a bronze Oldsmobile Cutlass--located on the premises. Carroll told Overman that Dorman owned the van and that he guessed that Dorman owned the Cutlass. Because of his uncertainty over the ownership or control of these vehicles, however, Overman elected not to search at that time but to obtain a search warrant.
 
 
 4
 Overman obtained a warrant from Moon to search the two vehicles and Dorman's room in the trailer. The warrant, as the government concedes, was defective in its failure to link the evidence of crime discovered in the pickup truck with the probable cause necessary to search the trailer and vehicles. In reliance on the warrant, Overman searched the Cutlass and found 130 credit and bank cards bearing many different names.
 
 II
 
 5
 Dorman moved prior to trial to suppress the evidence taken from his room, the Cutlass, and the van. He alleged that there was not probable cause shown to justify the search and that the search violated the fourth amendment. The district court denied the motion to suppress, holding that the officers acted in reasonable reliance on the warrant and that the evidence was admissible under the good-faith exception to the exclusionary rule. United States v. Dorman, 657 F.Supp. 511 (M.D.N.C.1987).
 
 
 6
 Dorman argues that the district court erred in denying his motion to suppress. He contends that the warrant was "so lacking in indicia of probable cause" that the officers could not have manifested objective good faith in relying upon it. United States v. Leon, 468 U.S. 897, 923 (1984). Dorman also contends that Magistrate Moon did not act in a neutral and detached manner and wholly abandoned her judicial role by soliciting the detective's aid. Leon, 468 U.S. at 923.
 
 
 7
 Dorman's contentions are without merit. The district court correctly held that Magistrate Moon had a substantial basis for concluding that probable cause existed even though the warrant she issued did not adequately reflect that basis. The district court also correctly concluded that the officers acted with objective good faith under the guidelines set out in Leon. As the district court noted, Overman's decision to obtain a search warrant rather than rely upon Carroll's consent reflects "precisely the type of prudence that the exclusionary rule seeks to encourage." Dorman, 657 F.Supp. at 516. Although the district court disapproved of Moon's request for Overman's assistance, it properly found that she had not departed from the neutral and detached role the law requires. Dorman, 657 F.Supp. at 514. The district court did not err in refusing to suppress the evidence obtained in this search, and we affirm Dorman's conviction under 18 U.S.C. Sec. 1029(a)(3) and 1029(c)(1).
 
 III
 
 8
 Dorman also contends that the district court erred by canceling a subpoena to Mrs. James Thompson, the wife of the owner of the pickup truck. Dorman had requested that she be brought to the trial at government expense because she could testify that her husband gave Dorman permission to use the truck.
 
 
 9
 The subpoena was issued and served on Mrs. Thompson. During the trial, she telephoned the court from Texas and stated that she could only testify concerning a banking transaction between her husband and Dorman. Her husband had already testified at trial concerning this same transaction. The district court concluded that "it would be a waste of government resources to have this witness to come to give testimony which would be of no value to the defendant Mr. Dorman," and canceled the subpoena. Dorman argues that this violated his sixth amendment right to compulsory process.
 
 
 10
 District courts have wide discretion not to admit evidence if its probative value is substantially outweighed by considerations such as "waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403; see also United States v. MacDonald, 688 F.2d 224, 227-28 (4th Cir.1982). The district court determined that Mrs. Thompson's testimony would be cumulative and useless to Dorman's defense. Under these circumstances, we hold that the district court neither abused its discretion in canceling the subpoena nor violated Dorman's sixth amendment rights. We affirm Dorman's conviction under 18 U.S.C. Sec. 2312.
 
 IV
 
 11
 The district court also ordered Dorman to make restitution to Mr. Thompson, owner of the truck, in the amount of $4,800. At trial, Thompson testified that Dorman took $4,800 of Thompson's money when Dorman left Texas with Thompson's truck. At sentencing, Dorman agreed to make restitution "if the Court feels it was sufficiently shown" that he had taken the $4,800. Dorman now contends that the court could not have ordered restitution because federal law permits restitution for crimes in violation of Title 18, United States Code only "to any victim of such offense." 18 U.S.C. Sec. 3579(a)(1) (emphasis added). Dorman argues that because he was not charged with any federal crime for allegedly possessing the $4,800, the district court did not have authority under section 3579(a)(1) to require him to make restitution of that sum.
 
 
 12
 Dorman's arguments are unavailing. In ordering restitution under section 3579(a)(1), the district court is not limited by the amount specified in the indictment or the specific transactions alleged in the indictment. The district court may take into account any evidence adduced at trial or in the sentencing phase and may order the defendant to make restitution to the victim for any loss sustained, so long as this amount is supported by a preponderance of the evidence as determined by the court. 18 U.S.C. Sec. 3580(d).* See also United States v. Hill, 798 F.2d 402, 405-06 (10th Cir.1986). At sentencing, the district court found that Dorman had taken the $4,800 and that he had resources available from which to make restitution of this sum. The district court did not abuse its discretion in ordering restitution.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Sections 3579 and 3580 have been renumbered to 18 U.S.C. Secs. 3663 and 3664 respectively